## Petition of York Lodge, Loyal Order of Moose. No. 2.

*Banks and banking—Fraud by officers of corporation in course of employment—Bonds misappropriated by assistant cashier—Knowledge by purchaser of bonds of fraudulent acquisition.*

1. A corporation whose officer perpetrates a fraud upon an innocent party in the course of his employment is liable therefor to the injured party.

2. Where an assistant cashier of a bank receives bonds, negotiable by delivery, for sale and subsequently fraudulently pledges them with his bank to secure his own debt, and the bank fails while the securities are thus pledged, and the liquidator of the bank sells the bonds with other assets of the bank to another, who has knowledge of these facts, the purchaser will be ordered to deliver the bonds to the original owner.

Reargument of the petition of the York Lodge No. 148, Loyal Order of Moose, for an order on the Secretary of Banking, liquidator of the City Bank of York, Pa., to deliver to the petitioner certain bonds. C. P. York Co., Aug. T., 1923, No. 51, in Equity.

*Robert C. Fluhrer,* for petition.

*Ray P. Sherwood,* for Citizens' Savings and Trust Company.

*Robert S. Spangler,* for Secretary of Banking.

WANNER, P. J., Sept. 28, 1925.—The bonds in question in this case, which were the property of York Lodge No. 148, Loyal Order of Moose, were delivered by the trustees of said lodge to the City Bank of York, Pennsylvania, for sale on account of the owners thereof.

William H. Boll, the assistant cashier of said City Bank, who received said bonds as such officer for sale by the bank, afterwards fraudulently and without the knowledge of the bank or of the owners of the bonds, pledged them with the bank as collateral to secure a loan of $4350 to himself.

He was not the agent of the owners of the bonds in this transaction, but acting entirely as an officer of the bank, and the fraud was perpetrated by him in the course of the business which he was authorized to perform as assistant cashier of the City Bank.

Under circumstances similar to these, it has been repeatedly held by the appellate courts in various jurisdictions that a corporation whose officer perpetrates a fraud upon an innocent party in the course of his employment is liable therefor to the injured party. This rule has been specifically applied to banks whose officers have defrauded patrons: 1st Nat. Bank of Monmouth *v.* Dunbar, 9 N. E. Repr. 186; Merchants Nat. Bank *v.* State Nat. Bank of Boston, 19 L. Ed. 1008; Marietta Trust Co. *v.* Faw, 121 S. E. Repr. 244; Mays *v.* First State Bank of Keller, 247 S. W. Repr. 845; Warner *v.* Martin, 13 L. Ed. 667; Lloyd *v.* West Branch Bank, 15 Pa. 172; De Turck *v.* Matz, 180 Pa. 347.

The original petition in this case demanding a return of these bonds by the Secretary of Banking to the owners thereof was filed by the York Lodge No. 148, Loyal Order of Moose.

The Citizens' Savings and Trust Company subsequently purchased from the Secretary of Banking certain assets of the insolvent City Bank, including these bonds, which were found in the possession of the City Bank when it was taken over by the Secretary of Banking.

The sale was made with notice of the claim of the petitioners to said bonds and after the filing of the petition for their return. The Citizens' Savings and Trust Company intervened as a party and there was a reargument of the question after said Citizens' Savings and Trust Company became a party upon the record.

Petition of York Lodge, Loyal Order of Moose.  No. 2.

The decree of the court, therefore, is now directed against said Citizens' Savings and Trust Company, instead of the Secretary of Banking.

And now, to wit, Sept. 28, 1925, it is ordered and directed that the Citizens' Savings and Trust Company of York, Pa., deliver up to the York Lodge No. 148, Loyal Order of Moose, three Kingdom of Netherland bonds, seventy-five hundred (7500) guilders, described in the petition upon which this proceeding is based.

The order heretofore made against the Secretary of Banking is hereby revoked.                                   From Richard E. Cochran. York Pa.